IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| TAMIR CLARK #421853, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:16-cv-00037 |
| ) | Chief Judge Crenshaw / Frensley |
| CORRECTIONS CORPORATION OF ) | |
| AMERICA, et al., ) | |
| ) | |
| Defendants. ) | |

# REPORT AND RECOMMENDATION

## I. Introduction and Background

This matter is before the Court upon a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) filed by Corrections Corporation of America ("CCA"), Cherry Lindamood, Kristen Buttram, and Dr. Ralph Newman (collectively "Defendants"), the only Defendants currently in this action. Docket No. 65. Along with their Motion, Defendants have contemporaneously filed a supporting Memorandum of Law, arguing that neither Plaintiff's Complaint (Docket No. 1) nor his "Amended and Supplemental Complaint" (Docket No. 64) contains allegations sufficient to state a claim against them for which relief can be granted. Docket No. 66.

Plaintiff has not responded to the instant Motion.

Plaintiff, a prisoner in the custody of the Tennessee Department of Correction ("TDOC") who, at all times relevant to the case at bar, was housed at South Central Correctional Facility ("SCCF"), filed this pro se, in forma pauperis action pursuant to 42 U.S.C. §1983, alleging that Defendants violated his Eighth Amendment rights when: (1) the medical department failed to

timely remove his stitches and failed to respond to his sick call requests to have his stitches removed; (2) Dr. Newman, Plaintiff's SCCF psychiatrist, said he would "say something" to the nurses and medical staff about removing Plaintiff's stitches in "another week"; (3) Unit Manager Kristen Buttram refused to help Plaintiff, stating, "if you would never write damn grievances then I might help you"; and (4) Warden Cherry Lindamood answered Plaintiff's query regarding whether she had received the complaint and grievance he filed about the situation by stating, "I don't know what you expect me to do Mr. Clark, I can't make a doctor do his job," "all you guys wait until you come to prison and want to start worrying about your health care . . yall [*sic*] should start thinking about your well being before you come to prison." Docket No. 1.[1]

Plaintiff sues CCA as a private contractor for the State of Tennessee that is "legally responsible for the overall operation of South Central Correctional Facility," Cherry Lindamood as the SCCF Warden, Kristen Butram as the SCCF Unit Manager, and Dr. Ralph Newman as the SCCF psychiatrist, in their official and individual capacities. *Id.* Plaintiff seeks declaratory and injunctive relief, as well as compensatory damages in the amount of "$200,000.00 against each

---

[1] On September 26, 2016, Plaintiff filed a "Motion to Amend and Supplement" his Complaint (Docket No. 40), which was denied in an Order by Judge Haynes entered on January 4, 2017 (Docket No. 48). Judge Haynes' Order stated: "This Motion is DENIED without prejudice to renew. Plaintiff must submit the proposed amended or supplemental complaint identifying each defendant and the alleged acts or omissions of each defendant that violated Plaintiff's rights under federal law." Docket No. 48. Without filing a Motion, Plaintiff filed his "Amended and Supplemental Complaint" on February 15, 2017, which simply seeks to add "Lt. Harville, Cpt. Keaton, and Lt. Hunt as defendants," and "assert[] Eighth and Fourteenth Amendment claims against [them] based on an incident that occurred on July 17, 2016 were [*sic*] the Plaintiff suffered obsessive [*sic*] use of force from [them]." Docket No. 64. The undersigned notes first, that "Lt. Harville, Cpt. Keaton, and Lt. Hunt" have not been served; and second, that Plaintiff's "Amended and Supplemental Complaint" fails to comply with Judge Haynes' Order, as it does not specifically identify "each defendant and the alleged acts or omissions of each defendant that violated Plaintiff's rights under Federal law."

2

defendant, jointly and severally" and punitive damages in the amount of "$80,000.00 against each defendant," along with costs and any additional relief "this court deems just, proper, and equitable." *Id.*

Defendants filed the instant Motion to Dismiss arguing that Plaintiff's Complaint fails to state a claim against upon which relief can be granted because, although Plaintiff avers that there was an unconstitutional delay in the removal of his stitches, none of them either administer, or are responsible for administering, any medical treatment for injuries such as Plaintiff's, such that they cannot be said to have acted with deliberate indifference to his serious medical needs and Plaintiff's Eighth Amendment deliberate indifference claims against them should be dismissed. Docket No. 66. Regarding Plaintiff's claim of alleged retaliation by Defendant Buttram, Defendants essentially argue that: (1) Plaintiff's lone sentence quoted above is insufficient to establish that Defendant Buttram, either in her individual or her official capacity violated Plaintiff's constitutional rights; (2) Plaintiff has failed to respond to its discovery requests despite receiving an extension of time in which to do so; and (3) Plaintiff's "Amended and Supplemental Complaint" supercedes his original Complaint and fails to proffer any specific allegations whatsoever against Defendant Buttram or the other instant Defendants, such that Plaintiff's retaliation claim should also be dismissed. *Id.*

As noted above, Plaintiff has not responded to Defendants' Motion to Dismiss.

For the reasons discussed below, the undersigned recommends that Defendants' Motion to Dismiss (Docket No. 65) be GRANTED.

## II. Law and Analysis

### A. Fed. R. Civ. P. 12(b)(6)

Fed. R. Civ. P. 12(b)(6) provides that a claim may be dismissed for failure to state a claim upon which relief can be granted. In order to state a claim upon which relief can be granted, a complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Id.* A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level"; they must "state a claim to relief that is plausible on its face." *Id*. At 1965, 1974. *See also, Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).

Moreover, the United States Supreme Court has recently addressed the appropriate standard that must be applied in considering a Motion to Dismiss for failure to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The *Iqbal* Court stated in part as follows:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . . Determining whether a complaint states a plausible claim for relief will, as the Court of

4

> Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

556 U.S. at 678-79 (citations omitted).

## B.  42 U.S.C. § 1983

### 1.  Generally

Section 1983 provides, in part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

Thus, in order to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55 (1988)*, citing Parratt v. Taylor,* 451 U.S. 527, 535, 101 S. Ct. 1908, 1913, 68 L. Ed. 2d 420 (1981) (overruled in part on other grounds, *Daniels v. Williams,* 474 U.S. 327, 330-331, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986)); *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155, 98 S. Ct. 1729, 1733, 56 L. Ed. 2d 185 (1978).  The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49, 108 S. Ct. 2255*, quoting United States v. Classic,* 313

5

U.S. 299, 326, 61 S. Ct. 1031, 1043, 85 L. Ed. 1368 (1941).

### 2. Eighth Amendment

The Eighth Amendment provides that:

> Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.

U.S. Const. amend. VIII.

The United States Supreme Court has held that the constitutional prohibition of "cruel and unusual punishments" forbids punishments that are incompatible with "the evolving standards of decency that mark the progress of a maturing society," or which "involve the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 102-03, 97 S. Ct. 285, 290, 50 L. Ed. 2d 251 (1976) (citations omitted).

In order to establish an Eighth Amendment claim, an inmate must satisfy a two-prong test: (1) the deprivation alleged must be objectively serious; and (2) the official responsible for the deprivation must have exhibited deliberate indifference to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977, 128 L. Ed. 2d 811 (1994).

### 3. Official Capacity Claims

In complaints alleging federal civil rights violations under § 1983, "[a]n official capacity claim filed against a public employee is equivalent to a lawsuit directed against the public entity which that agent represents." *Claybrook v. Birchwell*, 199 F.3d 350, 355 n.4 (6th Cir. 2000) (*citing Kentucky v. Graham*, 473 U.S. 159, 165, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114 (1985)). *See also, Frost v. Hawkins County Bd. of Educ.*, 851 F.2d 822, 827 (6th Cir. 1988). As such, when a public employee is sued in his or her official capacity, the claims are essentially made

against the public entity. *Id*.

### 4. Individual Capacity Claims

42 U.S.C. § 1983 does not permit the imposition of liability based upon *respondeat superior*. *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S. Ct. 445, 454, 70 L. Ed. 2d 509 (1981). *See also, Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037, 56 L. Ed. 2d 611 (1978); *Street v. Corrections Corp. of America*, 102 F.3d 810, 818 (6th Cir. 1996).

In order for a defendant to be held liable in his individual capacity, a plaintiff must demonstrate that that defendant personally condoned, encouraged, or participated in the conduct that allegedly violated his rights. *Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989) (citations omitted). *See also, Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984) (*citing Hays v. Jefferson County,* 668 F. 2d 869, 872-874 (6th Cir. 1982) (The supervisor must have "at least implicitly authorized, approved or knowingly acquiesced in" the misconduct.) Conclusory allegations are not enough. *See Street,* 886 F.2d at 1479. *See also, Anderson,* 477 U.S. at 257; *Nix v. O'Malley,* 160 F.3d 343, 347 (6th Cir. 1998); *Lujan v. National Wildlife Fed'n,* 497 U.S. 871, 888, 110 S. Ct. 3177, 3188, 111 L. Ed. 2d 695 (1990); *McDonald v. Union Camp Corp.,* 898 F.2d 1155, 1162 (6th Cir. 1990). Plaintiff must establish a "causal connection between the misconduct complained of and the official sued." *Dunn v. State of Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982).

## C. The Case at Bar

As an initial matter, Defendants are correct in their assertion that the law is well-settled that Plaintiff's "Amended and Supplemental Complaint" supercedes his original Complaint, and that claims that are not re-alleged in the Amended Complaint are no longer before the Court. As

noted above, Plaintiff's "Amended and Supplemental Complaint" sought to add additional defendants, sought to "assert[] Eighth and Fourteenth Amendment claims against [them] based on an incident that occurred on July 17, 2016 were [*sic*] the Plaintiff suffered obsessive [*sic*] use of force from [them]," and failed to comply with Judge Haynes' Order, as it did not specifically identify "each defendant and the alleged acts or omissions of each defendant that violated Plaintiff's rights under Federal law." Plaintiff's "Amended and Supplemental Complaint" simply fails to proffer any allegations that the instant Defendants engaged in any conduct that violated his constitutional rights.

Moreover, even considering the allegations of Plaintiff's original Complaint, none of the instant Defendants are part of the medical team who could remove stitches. Additionally, the conclusory averments made by Plaintiff, recounted above, fail to sufficiently allege conduct by the instant Defendants that would rise to the level of a constitutional violation. Absent conduct that violates Plaintiff's constitutional rights, Plaintiff cannot sustain an §1983 action.

Furthermore, both Plaintiff's Complaint and his "Amended and Supplemental Complaint" fail to aver that any particular Defendant engaged in any specific conduct that violated his constitutional rights. *See,* Docket Nos. 1, 64. As such, both Plaintiff's Complaint and his "Amended and Supplemental Complaint" fail to sufficiently allege that any particular named Defendant has either personally been involved in, or personally authorized, approved, or acquiesced to the allegedly violative conduct of which Plaintiff complains. Accordingly, Plaintiff cannot sustain his individual capacity claims against each individual Defendant.

Turning to Plaintiff's official capacity claims, where an entity is named as a defendant, an official capacity claim against its individual employees is redundant, and those claims should be

dismissed. *Foster v. Michigan*, 573 Fed. Appx. 377, 390 (6th Cir. 2014); *Faith Baptist Church v. Waterford Twp.*, 522 F. App'x 322, 327 (6th Cir. 2013). Because CCA is a named Defendant in this action, Plaintiff's official capacity claims against the CCA employee Defendants should be dismissed.

As to Defendant CCA itself, CCA is a private corporation that contracts with the State to operate the penal facility. A private entity that contracts with the State to perform a traditional state function, such as operating a penal facility, acts under color of state law and may be sued under § 1983. *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993); *Street v. Corrections Corp. of America*, 102 F.3d 810, 814 (6th Cir. 1996). Thus, CCA is amenable to suit under § 1983.

As discussed above, the law is well-settled that respondeat superior does not provide a basis for liability under § 1983. *See Bd. Of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997); *Monell v. Dept. of Soc. Serv.*, 436 U.S. 658, 690-91 (1978); *Miller v. Calhoun County*, 408 F.3d 803, 813 (6th Cir. 2005). In order for CCA to be held liable, therefore, Plaintiff must plead allegations, *inter alia*, that an "official policy or custom was adopted by the official makers of policy with 'deliberate indifference' towards the constitutional rights of persons affected by the policy or custom." *City of Canton v. Harris*, 489 U.S. 378, 387-88, 109 S. Ct. 1197, 1204, 103 L. Ed. 2d 41 (1989). *See also, Monell*, 436 U.S. at 690-91 (In order to find a governmental entity liable, Plaintiff must establish that (1) he / she suffered a deprivation of a constitutionally protected interest, and (2) the deprivation was caused by an official policy, custom, or usage of the local governmental entity.). In other words, a plaintiff must show that some official policy, practice, or custom was the moving force behind the alleged constitutional deprivation. *See Monell*, 436 U.S. at 691; *Miller*, 408 F.3d at 813.

Additionally, CCA cannot be held liable for the actions or inactions of its supervisory officials simply as their employer unless a plaintiff can show that the supervisor either encouraged the specific incident of misconduct or had some direct, personal involvement in the alleged constitutional deprivation. *See, e.g., Knott*, 481 F.3d at 574; *Poe v. Haydon*, 853 F.2d 418, 429 (6th Cir. 1988). At a minimum, a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

Nowhere in Plaintiff's submissions does he even mention an official CCA policy, practice, or custom, muchless one that caused him constitutional injury, nor does he allege that a supervisor either encouraged or was directly involved in constitutional misconduct. Accordingly, Plaintiff's submissions likewise fail to state a claim against Defendant CCA.

## IV.  Conclusion

For the foregoing reasons, the undersigned recommends that Defendants' Motion to Dismiss (Docket No. 65) be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
JEFFERY S. FRENSLEY
United States Magistrate Judge